## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

FERMIN R. PAGAN,

    Defendant

Criminal Complaint

CASE NUMBER: 08-*130-M*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>July 25, 2008</u>, in the District of Delaware, Defendant did:

knowingly possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title 18 United States Code, Section(s) <u>922(g)(1) and 924(a)(2)</u>; and

knowingly possess with intent to distribute a mixture or substance containing cocaine base, in violation of Title 21 United States Code, Section(s) 841(a)(1) and (b)(1)(C).

I further state that I am sworn as a <u>Special Deputy U.S. Marshal and am assigned to the ATF</u> and that this complaint is based on the following facts:

<u>See</u> attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
David C. Rosenblum
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

<u>July 25, 2008</u>                                                                  at   <u>Wilmington, DE</u>
Date                                                                                            City and State

The Honorable Paul Smith
<u>Justice of the Peace Magistrate Judge</u>
Name & Title of Judicial Officer                                        Signature of Judicial Officer

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your Affiant Detective David C. Rosenblum has been a Wilmington Police Officer for over 9 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where Your Affiant has conducted over an estimated 1000 investigations into illegal narcotics and/or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court and Federal Court, District of Delaware to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1. Unless otherwise stated, the information in this affidavit is based upon Your Affiant's personal knowledge and conversations with other Wilmington Police Officers. Because this affidavit is solely for establishing probable cause, not all facts related to this investigation are included herein.

2. The events stated below occurred on or about 25 July 2008, in the City of Wilmington, State and District of Delaware, as stated to Your Affiant by two Wilmington Police detectives.

3. On 25 July 2008, a Wilmington Police detective reported to Your Affiant that the detectives executed a state search warrant in the city of Wilmington. During the course of executing the search warrant, the officers discovered 19 bags of a substance which field tested positive for cocaine base with a total weight of 2.6 grams. Your affiant was unable to visually observe the cocaine but both detectives have extensive training and experience in narcotics investigations and believed the substance to be crack cocaine (base.)

4. The detectives further reported to Your Affiant that during the search a firearm was located in the residence. The firearm was visually inspected by Your Affiant and is described as a Smith and Wesson .38 caliber 5 shot revolver bearing serial number CEA8579 which was loaded with 5 rounds.

5. After being taken into custody, the defendant was transported to Wilmington Police where he was interviewed after being issued his Miranda Warning. The detectives advised that the defendant waived his Miranda Warning and further signed a Miranda waiver form. The defendant admitted ownership of both the firearm and the crack cocaine.

6. Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified that Defendant PAGAN, FERMIN R has two previous felony convictions in the Superior Court in and for New Castle County for Distribution, Delivery, or Possession of Controlled Substance within 300 feet of a Park on or about 8/6/03 and Theft of Rental Property over $1000 by Fraudulent Means on or about 6/27/01. Your Affiant knows that both of these charges are punishable by more then 1 year in prison.

7. After physically inspecting the weapon and from my training and experience, and after discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, Your Affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed national or state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate or foreign commerce.

Wherefore, based upon Your Affiant's training and experience, Your Affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2), by knowingly possessing in and affecting interstate and foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and also violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) by possessing with intent to distribute cocaine base. Accordingly, Your Affiant respectfully requests that the Court issue a Criminal Complaint charging these offenses.

_____
David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this ___ day of _____, 2008

_____
The Honorable ___ Smith
Delaware Justice of the Peace Court 20